IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZIMMERY HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 10-268 Erie |
| | ) | |
| ERIC H. HOLDER, JR. ATTORNEY | ) | |
| GENERAL OF THE UNTIED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

Plaintiff Zimmery Harvey brings this civil rights employment discrimination action under

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) *et seq.*), and the First and Fifth

Amendments to the United States Constitution, alleging that he was subject to unlawful racial

and gender discrimination, as well as unlawful retaliation. Mr. Harvey originally commenced

this action on March 9, 2010, in the United States District Court for the Eastern District of

Pennsylvania. On November 9, 2010, venue in this case was transferred to the Western District

of Pennsylvania. Presently pending before this Court is Defendant's Motion to Dismiss. For the

reasons stated herein we will grant the motion in part and deny it in part.

**I.     Background**

Plaintiff Zimmery Harvey is an African-American male who has been employed by the

Bureau of Prisons since approximately 1990. Compl. ¶ 10. He is currently a Lieutenant at

McKean Federal Correction Institute. Compl. ¶ 11.

Mr. Harvey alleges that his co-worker, Denise Hale, after being notified that Mr. Harvey

was subject to a wage garnishment, informed Mr. Harvey that he was subject to a wage

garnishment. Compl. ¶¶ 14-15. Mr. Harvey "instructed Hale not to institute the wage garnishment because he did not have any depend[e]nt children, and he also informed Hale that his only son was grown up." Compl. ¶ 16. In response, Ms. Hale stated that Mr. Harvey "should simply pay what he owes, regarding the wage garnishment." Compl. ¶ 17. Mr. Harvey's wages were garnished. Compl. ¶¶ 48, 54.

Mr. Harvey challenged the legitimacy of the wage garnishment, but Defendant did not undertake any legal review of the notice of wage garnishment. Compl. ¶ 20. Mr. Harvey alleges that "Caucasian employees have challenged the legitimacy of wage garnishment orders that had been sent to Defendant in the past and those individual challenges were investigated prior to keying in a garnishment." Compl. ¶ 19. Mr. Harvey alleges that Defendant "failed to follow proper procedure by having general counsel review a notice of wage garnishment." Compl. ¶ 21.

Mr. Harvey further alleges that no official court Order requiring the garnishment of his wages was ever received by the United States, the Bureau of Prisons, or Ms. Hale. Compl. ¶ 18. Mr. Harvey complained to the Warden, but the situation was not remedied. Compl. ¶ 22.

Mr. Harvey also alleges that he "was treated differently than Caucasian employees who had requested administrative court leave to provide testimony in child support matters." Compl. ¶ 29. Mr. Harvey had requested administrative court leave to appear for a deposition pursuant to a State of Wisconsin child support matter, but his request was denied. Compl. ¶ 23-26. Mr. Harvey alleges that Caucasian employees have been granted administrative court leave to provide testimony in child support matters. Compl. ¶ 27. Mr. Harvey also alleges that he was denied administrative leave in retaliation for engaging in protected activity. Compl. ¶ 28.

Mr. Harvey's Complaint alleges in Count One that he was discriminated against because of his race and that he was subject to unspecified "derogatory, disparate and harassing treatment . . . due to his race" that created a hostile work environment. Compl. ¶¶ 31-35. In Count Two, he alleges that he was discriminated against because of his gender and that he was subject to unspecified "derogatory and harassing treatment . . . due to his sex" that created a hostile work environment. Compl. ¶¶ 36-40. In Count Three, Mr. Harvey alleges that Defendant retaliated against him because he "engaged in protected activity by complaining about racial discrimination." Compl. ¶¶ 41-43.

In Count Four, he alleges that he Defendant retaliated against him for exercising his First Amendment right to express his opposition to discriminatory conduct by denying administrative leave, authorizing garnishment of his wages, and continuing to harass him. Compl. ¶¶ 44-51.

Finally, in Count Five, Mr. Harvey alleges a Fifth Amendment violation based on Defendant's failure to provide him with due process before depriving him of his "property and/or liberty interest" in his salary. Compl. ¶¶ 52-57.

## II. Standard of Review under 12(b)(6)

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) , quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S. ----, ---, 129 S.Ct. 1937, 1949 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")(citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III.  Discussion

Defendant seeks dismissal of Mr. Harvey's Title VII claims claiming that we lack subject matter jurisdiction because Mr. Harvey is ultimately asking this Court to determine that he did not owe the child support at issue. We agree with Defendant's statement of the law; however as explained below Mr. Harvey disavows that he seeks a determination of the validity of whether he owed the child support.

Defendant also seeks dismissal of Mr. Harvey's Constitutional claims arguing that Title VII provides the exclusive remedy for Mr. Harvey's claims. We agree and will dismiss these claims. In addition, we will dismiss Mr. Harvey's deficient claims as explained below, but will permit him the opportunity to file an amended complaint to address the deficiencies.

### A.  Race Discrimination Claims

Harvey alleges that he was discriminated against on the basis of his race in two ways: Defendant failed to undertake a review of the notice of wage garnishment, and Defendant denied Mr. Harvey his requested administrative court leave.

### 1. Wage Garnishment

Viewing Harvey's claim of race discrimination in a light most favorable to him, we find the following factual assertions and reasonable inferences that can be drawn from such assertions. Hale received a notice of wage garnishment concerning child support owed by Harvey. Harvey challenged the legitimacy of the wage garnishment notice by explaining to Hale that he did not have any dependent children, but he did have a son who was grown up. No investigation occurred as to whether the notice was legitimate before the wage garnishment was authorized.

Harvey's wages were garnished pursuant to the notice of wage garnishment. The allegations in the Complaint show that Harvey's wages were in fact garnished pursuant to the notice of wage garnishment. Compl. ¶ 48 (alleging that Defendant's conduct included "authorization of an unverified wage garnishment order"), ¶ 52 (alleging that Defendant "execut[ed] a wage garnishment order"). Harvey also claims he was deprived of a "property and/or liberty interest" in his salary. Compl. ¶ 53. In fact, he seeks reimbursement for lost wages. Compl. p. 8, ¶ C.

The notice of wage garnishment was legitimate. Harvey never alleges that the notice of wage garnishment was not legitimate, illegal, void, or otherwise insufficient; he only complains that Defendant did not undertake a review of the notice when Harvey challenged it. Moreover, his sole assertion challenging the wage garnishment notice was his statement that he did not currently have any dependent children, just a grown-up son. Harvey supports the above inferences in his brief in opposition to Defendant's motion to dismiss. Defendant argues that Harvey does seek to establish that he did not owe the child support that the State of Wisconsin said he did. Def. Br. 6. In response, Harvey disavows that he is attempting to prove that he did

not owe child support and labels Defendant's assertion to the contrary as "inaccurate." Pl. Br. Opp. 9. He also flatly states that his lawsuit "does not seek redress for any . . . child support related issues," and that "he is not seeking an adjudication before this Court regarding any child support issue." Id.

Harvey in fact owed the child support. Harvey never alleges that he did not owe child support. Instead, he told Hale at the time she informed him of the notice of wage garnishment regarding child support, that he did not (currently) have any dependent children. It is common sense that a parent may owe child support even though the child is no longer dependent at the time recovery of the back child support is sought. The reasonable inference from this is that at some time in the past Harvey owed (but failed to pay) child support for his now-grown son. It can be further reasonably inferred that the notice of wage garnishment concerns recovering this unpaid child support. These inferences are strengthened by Harvey's factual assertion that he had to attend a child support hearing in Wisconsin, indicating that legal proceedings concerning Harvey's obligation to provide child support were current.

Viewed in favor of Harvey the relevant facts and reasonable inferences can now be seen as follows. Defendant discriminated against Harvey by failing to undertake a review of the wage garnishment notice when Harvey said he did have any dependent children. Harvey concedes that the notice of wage garnishment was legitimate and thus Defendant properly authorized the wage garnishment for child support Harvey actually owed.

In direct contradiction to the above, Harvey seeks to recover the wages that he claims were "illegally" garnished. Compl. p. 8, ¶ C. We see no way to provide such relief without concluding that Harvey did not owe the child support identified in the notice of wage garnishment. As Defendant correctly points out we are without jurisdiction to make such a

7

determination. <u>Overman v. United States</u>, 563 F.2d 1287 (8th Cir. 1997); <u>Jones v. United States</u>, 625 F.3d 827 (5th Cir. 2010). Since we are without jurisdiction to make such a determination and since Harvey disavows that he wants us to make such a determination, we are left to wonder exactly how Harvey was damaged under this claim.

Even if Harvey were to convince a jury that Defendant's conduct was taken based on his race, rather than on the fact that the notice was legitimate, any damage award would have to be nominal. Although Harvey claims punitive damages it is unlikely that such damages would be awarded in a case where Defendant properly garnished his wages. Moreover, if punitive damages were awarded they would also not amount to more than a nominal amount. With that understanding of Harvey's race discrimination claim we will deny Defendant's motion to dismiss for lack of subject matter jurisdiction. However, we will dismiss this claim without prejudice to permit Harvey the opportunity to clarify that he is not seeking adjudication on, or redress for, any child support issue, and to also clarify his claim for relief under this claim.

### 2. Request for Administrative Leave

Harvey requested administrative court leave to provide testimony in a child support matter, but his request was denied. Harvey alleges that he "was treated differently than Caucasian employees who had requested administrative court leave to provide testimony in child support matters." Compl. ¶ 29. He alleges that when Caucasian employees had requested administrative court leave to provide testimony in child support matters, their requests have been granted. We find that Harvey has properly pleaded sufficient facts to state a claim.

### B. Gender Discrimination Claim

We find that Harvey's allegation that he was discriminated against because of his gender and that he was subject to unspecified "derogatory and harassing treatment . . . due to his sex" is

a bare legal conclusion we need not credit. Moreover, Harvey's claim of gender discrimination has no supporting factual assertions. Harvey is obligated to provide the "grounds" on which he bases his entitlement to relief. Twombly, 550 U.S. at 555. Here, he has provided mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which the Supreme Court has concluded is insufficient to survive a motion to dismiss. Id. Harvey's claim of gender discrimination does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 570. Because this claim is not plausible on its face and fails to raise Harvey's right to relief above the speculative level, we will dismiss it for failure to state a claim upon which relief can be granted. Twombly, 550 U.S. at 555 ("Factual allegations of a complaint must be enough to raise a right to relief above the speculative level.")

### C. Hostile Work Environment

Harvey's Complaint is devoid of factual assertions to support a hostile work environment claim under either his race or gender discrimination claims. Viewed in a light most favorable to Harvey he has asserted only two factual claims regarding Defendant's conduct that could possibly support such a claim: the failure to undertake a legal review of the notice of wage garnishment when Harvey stated he did not have dependent children at the time, and the failure to approve Harvey's request for administrative court leave. This is insufficient to raise Harvey's right to relief for a hostile work environment claim above the speculative level and we will therefore dismiss Harvey's claims of a hostile work environment for failure to state a claim upon which relief can be granted.

### D. Retaliation Claim

Harvey's retaliation claim also presents a near bare legal conclusion we need not credit. Harvey claims he was retaliated against for engaging in the protected activity of complaining about racial discrimination. The retaliation occurred through Defendant denying administrative leave and authorizing garnishment of his wages. As already explained the only legitimate inference from the Complaint and Harvey's subsequent brief is that Defendant properly authorized the garnishment of Harvey's wages. Therefore, the only retaliatory conduct Harvey can assert is Defendant denying him administrative court leave.

However, his retaliation claim suffers from a more serious lack of factual support in that he never states any details about his alleged complaints about racial discrimination. See Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 577 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") The only complaint he could have possibly made that we can discern from the Complaint is that Defendant illegally discriminated against him based on his gender by failing to undertake a legal review of the wage garnishment notice. He provides no other context on which to base his claim of retaliation. As such, we conclude that Harvey has failed to provide the grounds for his claim to relief for his retaliation claim. We will dismiss this claim without prejudice and permit Harvey the opportunity to correct the deficiencies in an amended complaint.

### E. Constitutional Claims

We will dismiss Harvey's Constitutional claims brought under the First and Fifth Amendment because we agree with Defendant that Title VII provides the exclusive remedy for job-related discrimination claims in federal employment. Brown v. General Services Admin., 425 U.S. 820, 835 (1976).

In addition, these claims suffer from similar deficiencies as those mentioned above. In particular, with regard to his First Amendment claim he fails to provide grounds for relief and instead asserts mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

With regard to his Fifth Amendment due process claim, we would dismiss this claim in light of Harvey's concession that he is not attacking the actual garnishment of his wages. Since the wages were properly garnished, Harvey cannot establish that he was illegally deprived of his property.

## IV.    Conclusion

Accordingly, for the reasons state herein, we will enter an order granting in part and denying in part Defendant's motion to dismiss. In addition we will order the dismissal of claims as stated above, and permit the filing of an amended complaint in accordance with this Opinion.


Date: _August 15, 2011_                    _Maurice B Cohill Jr_
                                           Maurice B. Cohill, Jr.
                                           Senior United States District Court Judge

ZIMMERY HARVEY,                      )
                                     )
    Plaintiff,    )
                                     )
    v.            )     Civil No. 10-268 Erie
                                     )
ERIC H. HOLDER, JR. ATTORNEY         )
GENERAL OF THE UNTIED STATES         )
OF AMERICA,                          )
                                     )
    Defendant.    )

## ORDER

AND NOW, to-wit, this _15_<sup>th</sup> day of _Aug._, 2011, for the reasons stated in the accompanying opinion, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.  Defendant's Motion to Dismiss (ECF No. 19) is denied in part, and granted in part, as follows:

    a.  The motion to dismiss Plaintiff's claims based on lack of subject matter jurisdiction is DENIED as moot because Plaintiff concedes he is not seeking a determination that he did not owe child support pursuant to the Wisconsin's notice of wage garnishment; and

    b.  The motion to dismiss Plaintiff's Constitutional claims is GRANTED.

2.  Plaintiff's Gender Discrimination Claim and Hostile Work Environment Claims are hereby dismissed for failure to state a claim upon which relief can be granted.

3.  Plaintiff's Race Discrimination Claim alleging that Defendant failed to investigate when Plaintiff raised the challenge to the notice of wage garnishment because he is black is dismissed without prejudice.

4. Plaintiff's Race Discrimination Claim alleging that he was treated differently than Caucasian employees who had requested administrative court leave to provide testimony in child support may proceed. However, in light of our dismissal of certain claims and our determination that Plaintiff must file an amended complaint, we direct Plaintiff to reassert this claim in an amended complaint.

IT IS FURTHER ORDERED THAT Plaintiff shall file an Amended Complaint in accordance with the Opinion accompanying this Order no later than August 29, 2011.

Maurice B. Cohill, Jr.
Senior United States District Judge